# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

HOANG NGUYEN,

    Plaintiff,

v.

UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS,

    Defendant.

Case No. 16-2654-JAR

## MEMORANDUM AND ORDER

Plaintiff Hoang Nguyen brings this action against his employer the Unified Government of Wyandotte County/Kansas City, Kansas ("Unified Government"), alleging discrimination and retaliation on the basis of race and national origin under Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. Before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. 12). The motion is fully briefed and the Court is prepared to rule. As described more fully below, Defendant's motion is granted in part and denied in part.

## I.     Standard

The standard for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as that applied to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[1] The court must accept all facts pleaded by the non-moving party as true and grants all reasonable inferences from the pleadings in favor of the non-moving party.[2] A motion for judgment on the pleadings should not be granted unless the movant has clearly established that there are no material facts to be resolved and that the movant is entitled to judgment as a matter

---

[1] *Colony Ins. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

[2] *Id.*

of law.³  The court does not accept as true legal conclusions that are couched as factual allegations,⁴ but rather determines whether the factual allegations "plausibly give rise to an entitlement to relief."⁵  To avoid dismissal, a plaintiff must state a plausible claim, which requires "sufficient factual allegations to 'raise a right to relief above the speculative level.'"⁶

## II.     First Amended Complaint

The First Amended Complaint was filed on January 31, 2017, changing only the identity of the Defendant.  Therefore, even though Defendant's motion for judgment on the pleadings was filed before the First Amended Complaint, the parties agree it applies equally to the amended pleading.  The following facts are alleged in the First Amended Complaint and are accepted as true for purposes of this motion.

Plaintiff Hoang Nguyen is an Asian male born in Vietnam.  He has been employed by the Kansas City Board of Public Utilities ("KCBPU") since May 2003.  Initially hired as a Plant Engineer, Plaintiff was promoted to Director of Electrical Power Operations in 2011.  While in that position, Plaintiff received positive performance evaluations.  In his last performance evaluation relating to that position, Plaintiff was given ratings of either "high quality" or "exceptional" in every aspect of his performance.  Mr. Nguyen's primary supervisor while he was in that position also gave him extremely positive reviews.

In October 2012, after Plaintiff had been in the position for nearly two years, Don Gray, KCBPU's General Manager, demoted Mr. Nguyen from the position.  Mr. Gray initially offered no reason for the demotion, but he replaced Mr. Nguyen with a white male of U.S. origin.  On

---

³*Id.*

⁴*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

⁵*Id.* at 679.

⁶*Id.*

March 14, 2013, Plaintiff met with his supervisor and personnel from KCBPU's Human Relations Department, who indicated that there was no performance-based reason for the demotion, but that Mr. Gray, as General Manager, had the authority to implement the demotion.

On March 15, 2013, Plaintiff filed an internal HR complaint alleging that his demotion constituted discrimination based on race and national origin.

In April 2014, the employee who had replaced Plaintiff in his position as Director of Electric Production Operations retired, and Plaintiff re-applied for the position. Plaintiff was well qualified for the position, not only because he had experience in that position, but because he exceeded the objective criteria set forth in the position posting. In October 2014, Plaintiff received a letter from Human Resources denying the requested promotion. KCBPU instead hired a white male of U.S. origin who was less qualified. Plaintiff had superior experience with KCBPU in all of KCBPU's plants, superior experience in the categories of experience identified as minimal requirements, and superior educational qualifications.

After being denied the promotion, Plaintiff spoke with his supervisor, Dong Quach, about why he did not receive the promotion. Mr. Quach stated that Mr. Gray would not approve Plaintiff for the position. Defendant later took the position that Plaintiff was denied the promotion because his performance was unsatisfactory.

## III. Discussion

Plaintiff's First Amended Complaint alleges two counts: (1) discrimination on the basis of race and national origin; and (2) retaliatory nonselection. In both counts, Plaintiff asserts he is entitled to recover under 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1981. Defendant moves for judgment on the pleadings on four grounds: (1) Plaintiff's claim that he was unlawfully demoted in 2012 is time-barred; (2) any claim of discrimination or retaliation based on national origin

under 42 U.S.C. § 1981 must be dismissed because the statute does not cover discrimination on the basis of national origin; (3) Plaintiff cannot recover punitive damages against Defendant because it is a municipality; and (4) Plaintiffs' factual allegations are insufficient to state a plausible claim for relief under either Title VII or § 1981.

In response to the motion, Plaintiff concedes most of these issues. He clarifies that he does not assert claims based on the 2012 demotion, his national origin claims arise under Title VII only, and he does not seek punitive damages. Given these concessions, Defendant's motion is granted to the extent Plaintiff asserts a claim of liability based on the 2012 demotion as an adverse employment action, relief under § 1981 for national origin discrimination, and punitive damages. The Court proceeds to consider whether Plaintiff has otherwise alleged sufficient facts to state a plausible claim for relief. The Court also addresses Defendant's request in the reply that Plaintiff "be precluded from referencing or relying upon the alleged 2012 demotion and upon any other allegations that were not timely asserted in his Charge in a belated attempt to support the claims contained in the Amended Complaint."

### A. Discrimination

To establish a prima facie case of failure-to-promote under either Title VII or 42 U.S.C. § 1981, Plaintiff must show that (1) he was a member of a protected class; (2) he applied for and was qualified for the position; (3) despite being qualified he was rejected; and (4) after he was rejected, the position was filled or remained available.[7] Defendants move to dismiss this claim on the basis that Plaintiff's allegations of causation are conclusory, and because he conflates the alleged discrimination on the basis of national origin and race. Defendant first argues that the factual allegations are insufficient to demonstrate that Mr. Gray demoted Plaintiff on the basis of

---

[7] *Paris v. S.W. Bell Tele. Co.*, 94 F. App'x 810, 812 (10th Cir. 2004).

his race or national origin. The Court agrees with Plaintiff that Count I clearly asserts a claim that Defendant's decision not to promote him in 2014 was discriminatory; therefore Defendant's argument that he failed to allege that the 2012 demotion decision was based on race or national origin is a moot point. Moreover, given that the Court has now granted Defendant's motion to dismiss the § 1981 claim to the extent it alleges discrimination or retaliation on the basis of national origin, Defendant's argument that the discrimination allegations are conflated is a moot point.

In *Khalik v. United Air Lines*,[8] the Tenth Circuit provided an extensive analysis of the pleading standard for employment discrimination and retaliation claims under *Twombly*.[9] The court was careful to note that under *Twombly*, the plaintiff is not required to "set forth a prima facie case for each element" to successfully plead a claim of discrimination.[10] Instead, he is only required to "set forth plausible claims."[11] The *Khalik* court provided a list of facts an employment discrimination plaintiff could reasonably be expected to know and allege to satisfy the plausibility requirement of *Twombly*.[12] Such facts could include the inconsistencies given for the adverse employment decision, when the complaint at issue was filed, the context of the employment decision, or any other reasons the plaintiff believes discrimination or retaliation formed the basis of the decision.[13]

This Court easily finds that Plaintiff has plausibly alleged a claim of discrimination on a failure-to-promote theory. Although he is not required to set forth plausible facts for each

---

[8] 671 F.3d 1188 (10th Cir. 2012).
[9] *Id.* at 1193–94.
[10] *Id.* at 1194.
[11] *Id.*
[12] *Id.*
[13] *Id.*

element of his prima facie case, Plaintiff has done so in his First Amended Complaint. Plaintiff alleges facts to support his membership in a protected class based on his race and national origin. He alleges that he suffered an adverse employment action when he was passed over for a promotion. Plaintiff alleges detailed facts about his qualification for the promotion. And finally, Plaintiff alleges that he was passed over for the promotion in favor of a similarly situated individual who was white, American-born, and less qualified for the position. Plaintiff also alleges that the reasons given to him for not being selected for the promotion are not credible, inferring that they are a pretext for discrimination. These are sufficient facts under *Twombly* to establish plausible claims of relief for race discrimination under Title VII and 42 U.S.C. § 1981, and for and national origin discrimination under Title VII.

**B. Retaliation**

In Count II, Plaintiff claims he was not selected for the promotion to Director of Electrical Power Operations in retaliation for his 2013 written complaint of discrimination. The elements of a prima facie claim of retaliation under Title VII and § 1981 are: (1) the employee engaged in protected opposition to discrimination; (2) the employee suffered an adverse employment action during or after his protected opposition that a reasonable employee would have found materially adverse; and (3) a causal connection exists between the protected activity and the materially adverse action.[14] The Supreme Court has recently clarified that a Title VII plaintiff asserting a claim of retaliation must show that his protected activity was the but-for cause of the alleged adverse employment action.[15]

---

[14] *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1201–02 (10th Cir. 2008); *McGowan v. City of Eufala*, 472 F.3d 736, 741 (10th Cir. 2006); *see CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 457 (2008) (holding that § 1981 encompasses claims of retaliation).

[15] *Univ. of Tex. S.W. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013).

Defendant urges dismissal because Plaintiff's statement that the Unified Government hired a white male of U.S. origin instead of Plaintiff in 2014 is wholly conclusory and contains no "underlying factual support." But Plaintiff need not at the pleading stage come forward with evidence to support this assertion.[16] The Court assumes to be true the factual assertions in Plaintiff's First Amended Complaint. Defendant also argues that Plaintiff's allegations of causation are insufficient. But Plaintiff alleges that despite having strong performance evaluations and experience, he was passed over for a promotion in favor of a similarly situated white U.S.-born individual who was less qualified for the position. These are sufficient facts to state a plausible claim for relief.

### C. References to 2012 Demotion

Defendant asks the Court to preclude Plaintiff from "referencing or relying upon the alleged 2012 demotion and any other alleged acts of discrimination or retaliation arising out of the same that were not timely raised in his Charge." This request is denied. First, as Plaintiff makes clear in both the First Amended Complaint and his response brief, his claims of liability in this case are not based on the 2012 demotion. Therefore, Plaintiff's reliance on Judge Marten's decision in *Seifert v. Unified Government of Wyandotte County/Kansas City, Kansas*[17] is misplaced. In *Seifert*, Judge Marten dismissed the plaintiff's civil rights claims for damages that incurred more than two years before the case was filed.[18] That case also involved a conspiracy claim under 42 U.S.C. § 1985(3), and a claim for municipal liability. Judge Marten found that those claims must be based on overt acts, or Sheriff's Department policy, that occurred during

---

[16] Fed. R. Civ. P. 12(d).

[17] No. 11-2327-JTM, 2012 WL 2448932, at *4–5 (D. Kan. June 26, 2012).

[18] *Id* at *7.

the limitations period. Here, Plaintiff makes no claim that his 2012 demotion can provide a basis for damages, and there is no claim of *Monnell* liability or conspiracy.

More importantly, however, Defendant's request to preclude reference to this 2012 demotion is contrary to the guidance provided by Judges Humphreys and Marten in the *Seifert* case. Although the plaintiff in *Seifert* could not subject the Unified Government to liability for acts of harassment or retaliation that occurred before the limitations period, both judges explained that the history of related conduct by the Unified Government, or other facts from before the statute-of-limitations period, could be relevant to the actionable claims that remain.[19] Similarly, here, the facts surrounding Plaintiff's demotion are likely relevant to his failure to promote claims. Indeed, Plaintiff's alleged protected activity on the retaliation claim is his internal complaint about his demotion.[20] The Court declines to strike or preclude Plaintiff from referencing such facts, particularly in the context of a motion to for judgment on the pleadings.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Judgment on the Pleadings (Doc. 12) is **granted in part and denied in part**. The motion is **granted** to the extent Plaintiff asserts a claim for liability based on the 2012 demotion, to the extent he seeks relief under § 1981 for national origin discrimination, and to the extent he seeks punitive damages. The motion is otherwise **denied**.

**IT IS SO ORDERED.**

Dated: May 19, 2017

---

[19]*Id.* at *5 ("To the contrary, it is possible and even likely that there would still be relevant and discoverable information from Seifert's time at the police department that would bear on issues of intent, motive, and the alleged conspiracy. . . . [T]he more proper means of doing that is in the context of a motion to compel . . . .") (quoting Judge Humphreys' Order denying the defendant's motion to stay)); *7 ("This is not to say that the history of the Bowling investigation is irrelevant or inadmissible, and the court finds no grounds for disagreement with the Magistrate Judge's decision not to restrict discovery at the present time.").

[20]Defendant argues in the reply that this complaint did not allege discrimination, attaching a copy of the complaint to its brief. Of course, the Court does not consider matters outside the pleadings on a motion for judgment on the pleadings. Fed. R. Civ. P. 12(d).

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE